IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William E. Masters, | ) | |
| | ) | C/A No. 6:14-125-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Ching-Hsiung Lin, and | ) | |
| Yakima Products, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case was originally filed in state court and Defendants removed it to this court on the basis of diversity jurisdiction. Under 28 U.S.C. § 1441, actions originally filed in state courts may be removed to federal courts at the option of the defendant in "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1441. Federal courts have original jurisdiction in diversity cases where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Reviewing the removal notice and the Complaint, however, the court finds it lacks subject matter jurisdiction, and remands the action back to state court.

Assuming there is complete diversity between the parties, the requisite $75,000 amount in controversy has not been established.[1] As a general rule, the amount in controversy in an action that is removed based on diversity of citizenship should be measured "at both the time of commencement [of the action in state court] and the time of removal." *Sayers v. Sears, Roebuck & Co.*, 732 F.Supp. 654, 656 (W.D.Va. 1990). *See also Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) ("The possibility that plaintiff may in the future seek or recover

---

[1]The court expresses no opinion as to whether complete diversity of citizenship exists between the parties.

more damages is insufficient to support federal jurisdiction now."); *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F.Supp.2d 530, 531 (D.S.C. 1999) ("The proper time for testing the sufficiency of the jurisdictional amount is when the case is removed.").

The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy. *See, e.g., Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 WL 183873, at *1 n. 4 (4th Cir. Apr.5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount in controversy) (unpublished opinion). However, district courts in South Carolina have required defendants to show either to a "legal certainty" or at least within a "reasonable probability" that the amount in controversy has been satisfied. *See, e.g., Brooks v. GAF Materials Corp.*, 532 F.Supp.2d 779, 781–82 (D.S.C. 2008) (internal citations omitted). However, under either standard, the court is convinced that the it lacks subject matter jurisdiction.

Defendants contend that Plaintiff has made a demand on Defendant Yakima for "more than $1 million in alleged past due rent and more than $8.5 million in total rent including past and future rent." ((ECF No. 1 at ¶ 9). While Plaintiff alleges a breach of contract claim which appears to relate to rent, he does not specify the amount he is seeking for that claim. In fact, nowhere in the Complaint is there an amount specified for damages, and Plaintiff has not specifically sought punitive damages.[2] Plaintiff alleges three causes of action and seeks injunctive relief in the form of an order directing Defendants to issue stock and allowing Plaintiff to examine stockholder lists and other documents. (Compl. at 4). Additionally, Plaintiff seeks "damages, including administrative and collection expenses and attorneys' fees, costs and

---

[2] *See Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999) (observing that plaintiff's "claim for punitive damages alone makes it virtually impossible to say that this claim is for less than the jurisdictional amount").

2

expenses, and other and further relief as shall be allowed by law." *Id*.

After carefully reviewing the Complaint, this court concludes that Defendants have not satisfied their burden of proof that the value of Plaintiff's claims may exceed $75,000.00, exclusive of interest and costs. Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Moreover, the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey*, 29 F.3d at 151).

Based on the foregoing, the court finds it is without subject matter jurisdiction and remands the case to the state court. Accordingly, this action is hereby remanded to the Court of Common Pleas for Greenville County, South Carolina. The Clerk of this Court is directed to forward the file along with a certified copy of this order to the Clerk of Court for Greenville County.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 23, 2014